Barry L. Katz
225 City Avenue, Suite 14
Bala Cynwyd, PA 19004
(610) 660-8806

Attorney for the Petitioner
Dicalite Armenia, Inc.

*Judge Pauley*

**07 CIV 8660**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DICALITE ARMENIA, INC.

            Petitioner,

-against-

PROGRESS BULK CARRIERS, LTD.

            Respondent.

**PETITION TO CONFIRM ARBITRATION AWARD AND TO ENTER JUDGMENT**

---

Petitioner, Dicalite Armenia, Inc. ("Dicalite"), by its undersigned counsel, pursuant to the Federal Arbitration Act, 9 U.S.C. §9, seeks to confirm the entirety of the arbitration award, consisting of a Decision and Final Award dated August 31, 2007, along with Appendix A and B thereto (the "Award") (Exhibit A to the Affidavit of Barry Katz), rendered by a Panel of Arbitrators from the Society of Maritime Arbitrators, Inc. (the "SMA"), and seeks the entry of judgment thereon, and in support thereof alleges:

### PARTIES, JURISDICTION AND VENUE

1.     Dicalite is a corporation existing under the laws of the State of Delaware, with its principal place of business at 225 City Line Ave, Bala Cynwyd, PA 19004.

2.     Respondent, Progress Bulk Carriers, Ltd. ("Progress Bulk"), is upon information and belief, a corporation with its principal place of business located at 25 Main Street, Hastings On Hudson, NY 10706-1601, and it is incorporated under the laws of the Bahamas.

3. This Court has original jurisdiction over this proceeding under 28 U.S.C. §1332 as it involves citizens of different states or a citizen of a state and a foreign state, and the amount in controversy exceeds $75,000. In addition, this Court has jurisdiction under 9 U.S.C. §§ 1 and 9. In addition, the dispute involves admiralty or maritime jurisdiction within the meaning of Rule 9(h), Fed. R. Civ. Pro. and 28 U.S.C. Section 1333.

4. Venue is proper in this jurisdiction under 9 U.S.C. §9 and 28 U.S.C. Section 1391(a) and (b). The subject arbitration was conducted in New York, New York and the defendant resides in this district.

## THE FACTS

5. By Charter Party dated April 26, 2000 Dicalite chartered from Progress Bulk a vessel by the name of MV Monte for the transportation of perlite ore owned by Dicalite from the port of Poti, Georgia to Jacksonville, Florida.

6. Pursuant to Cause 32 of the Charter Party, the parties agreed to arbitrate any disputes relating to the shipment and the Charter Party in London. It provides as follows: "General Average and arbitration to be settled at London."

7. At the time of the delivery of the perlite ore to the port in Jacksonville, Florida, disputes arose between Dicalite and Progress Bulk with respect to the ore shipment. Progress Bulk asserted that it was entitled to additional payments under the Charter Party, and it would not release all the perlite ore without $30,000 being put in escrow with respect to its claims against Dicalite. Dicalite's had claims against Progress Bulk primarily relating to damage to the perlite ore.

8. The Parties agreed that in return for Dicalite posting $30,000 to be held in escrow by Stewart Alexander and Company, Inc., the shipbroker under the Charter Party, the parties would agree to arbitrate any disputes between them in New York, New York. A copy of the

2

June 30, 2000 letter agreement between the parties and Stewart Alexander is attached as Exhibit B. Dicalite Armenia posted the $30,000, which is presently being held in escrow by Stewart Alexander and Company, Inc.

9. After the execution of the agreement to arbitrate the disputes in New York, New York, the parties each appointed a party arbitrator (Exhibits C and D to the Affidavit of Barry Katz), with those two arbitrators choosing a third arbitrator to serve as chairman of the panel. By letter dated December 14, 2000, Austin L. Dooley, Ph.D. advised the parties that he had been appointed chairman of the panel and that the claimants should advise him when they were ready to proceed with the matter. (Exhibit E to the Affidavit of Barry Katz).

10. Neither party pursued the arbitration further at this time.

11. By letter dated May 12, 2004, Dicalite informed Progress Bulk of its desire to resolve the dispute between the parties, or proceed forthwith through arbitration. The parties were unable to resolve their differences.

12. By letter date May 26, 2004, Dicalite wrote to Dr. Dooley seeking to move forward with the arbitration.

13. By letter dated June 1, 2004, Jeffrey Weiss, the party arbitrator appointed by Progress Bulk, indicated that a conflict of interest had developed since his appointment and that he would no longer be able to serve on the panel.

14. By letter dated June 8, 2004, Progress Bulk informed the arbitration panel that it would not agree to arbitrate Dicalite's claims against Progress Bulk in New York.

15. By letter dated June 15, 2004, Progress Bulk reiterated its position, but appointed Mr. Charles Measter as its party arbitrator to substitute for Mr. Weiss with respect to the claims that needed to be arbitrated in New York. (Exhibit F to the Affidavit of Barry Katz).

16. Thereafter, Dicalite filed a petition in the Southern District of New York by which it sought to compel Progress Bulk to arbitrate all claims in New York pursuant to the SMA Jurisdiction and Rules. Dicalite Armenia, Inc. v. Progress Bulk Carriers, Ltd., 04 Civ 9241 (Judge Casey).

17. By Memorandum and Order dated February 23, 2006, the Honorable Richard Conway Casey required that all claims between the parties be arbitrated before a panel of three arbitrators appointed pursuant to the Rules of the SMA. (Exhibit G to the Affidavit of Barry Katz).

18. The three arbitrator panel that had already been chosen (the "Panel") then proceeded with the arbitration.

19. On April 28, 2006 Dicalite submitted its claim to the Panel.

20. On May 5, 2006, Progress Bulk submitted its claims to the Panel.

21. Thereafter the parties submitted documentary evidence to the Panel, and a hearing was held in New York on November 7, 2006, during which live testimony and documentary evidence was submitted.

22. Thereafter, post-hearing briefs were submitted by each party.

23. On August 31, 2007, the Panel issued its Decision and Final Award ("the Award"), which is Exhibit A to the Affidavit of Barry Katz. The Award was signed by all three of the Panel members.

24. The Award, unanimous in part and divided in part, made findings in favor of both parties. The net result of the Award was a total due to Dicalite in the amount of $598,931.12. (Award at page 9).

25. The Award also provided that the Panel's fees and expenses of $39,350 were to be paid 75% by Progress Bulk and 25% by Dicalite. (Appendix B to the Award). The 75% due by Progress Bulk is $29,512.50. Progress Bulk has posted $10,000 with the Society of Maritime Arbitrators towards these fees and expenses, leaving a balance due of $19,512.50. The Award provides that the panel's fee is a joint and several obligation of the parties (Appendix B to Award) and that the $30,000 that Dicalite has placed in escrow is to secure the obligations of the parties (Award at page 8).

26. The Award provided that Settlement of the above amounts shall be made within 30 days of the Award, otherwise the running of interest on all the sums awarded shall resume at the rate of 8.25 percent per annum from the date of the Award until the Award is satisfied or reduced to judgment, whichever occurs first. The Award further provided that it could be reduced to judgment in a court of competent jurisdiction. (Award at page 9).

27. Progress Bulk has refused to pay the amount due under the Award or its proportionate share of the Panel's fees and expenses.

28. The Award represents a complete and final determination of all claims submitted by the parties to the Panel.

29. Less than one year has expired since the issuance of the Award, and the Award has not been vacated or modified since issued.

WHEREFORE, Petitioner Dicalite requests that this Court enter an order (i) confirming the Award, (ii) directing that judgment be entered in Dicalite's favor in the amount of the Award, plus interest at the rate of 8.25% per annum from August 31, 2007 until the date judgment is entered, plus statutory interest thereafter and (iii) directing that judgment be entered in Dicalite's favor for the portion of the Panel's fees and expenses allocated to Progress Bulk, plus interest at the rate of 8.25% per annum from August 31, 2007 until the date judgment is entered, plus

statutory interest thereafter (iv) that Dicalite be awarded the legal fees and costs of this proceeding, as well as (v) such other and further relief as this Court deems just and proper.

Dated: October 1, 2007

                                  BARRY L. KATZ, ESQUIRE

By: *[signature]*
       Barry L. Katz, Esquire (BK3638)
       225 City Avenue, Suite 14
       Bala Cynwyd, PA 19004
       (610) 660-8806