Keith W. Heard (KH-8578)
Burke & Parsons
100 Park Avenue
New York NY  10017-5533
(212) 354-3800

Attorneys for Respondent
Progress Bulk Carriers, Ltd.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **DICALITE ARMENIA, INC.,**<br><br>        **Petitioner,**<br><br>  -against-<br><br>**PROGRESS BULK CARRIERS, Ltd.,**<br><br>        **Respondent.** | ANSWER TO PETITION TO CONFIRM ARBITRATION AWARD<br><br>Electronically Filed<br><br>07 CV 8660 (WHP) |

  Respondent, Progress Bulk Carriers, Ltd., by its attorneys, Burke & Parsons, as and for its Answer to the Petition herein, alleges upon information and belief, as follows:

## PARTIES, JURISDICTION AND VENUE

  1.  It denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Petition.

  2.  It admits that Respondent is a corporation incorporated under the laws of the Bahamas but, except as so specifically admitted, it denies the remainder of the allegations set forth in paragraph 2 of the Petition.

  3.  It admits the allegations set forth in paragraph 3 of the Petition.

4. It admits the allegations set forth in paragraph 4 of the Petition.

5. It admits the allegations in paragraph 5 of the Petition except that it alleges that the charter party was specifically for the transportation of "bulk perlite", not "perlite ore", as is alleged in the Petition.

6. It admits the allegations set forth in paragraph 6 of the Petition.

7. It admits that at the time of the delivery of the perlite cargo to the port of Jacksonville, Florida, disputes arose between Dicalite and Progress Bulk with respect to the shipment, that Progress Bulk asserted that it was entitled to additional payments under the Charter Party, and it would not release the cargo without funds being put in escrow but, except as so specifically admitted, it denies the remainder of the allegations set forth in paragraph 7 of the Petition.

8. It denies knowledge or information sufficient to form a belief as the truth of the allegation that $30,000 posted by Petitioner is presently being held in escrow by Stewart Alexander and Company, Inc. but, except as so specifically denied, it admits the remainder of the allegations set forth in paragraph 8 of the Petition.

9. It admits the allegations set forth in paragraph 9 of the Petition.

10. It admits the allegations set forth in paragraph 10 of the Petition.

11. It denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Petition.

12. It denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Petition.

13. It admits the allegations set forth in paragraph 13 of the Petition.

14. It admits the allegations set forth in paragraph 14 of the Petition.

15. It admits that, by letter dated June 15, 2004, Progress Bulk appointed Mr. Charles Measter as its party arbitrator to substitute for Jeffrey . Weiss but, except as so specifically admitted, it denies the remainder of the allegations set forth in paragraph 15 of the Petition.

16. It admits the allegations set forth in paragraph 16 of the Petition.

17. It admits the allegations set forth in paragraph 17 of the Petition.

18. It admits the allegations set forth in paragraph 18 of the Petition.

19. It admits that, on April 28, 2006, Dicalite made a written submission to the arbitration Panel but, except as so specifically admitted, it denies the remainder of the allegations set forth in paragraph 19 of the Petition.

20. With respect to the allegations set forth in paragraph 20 of the Petition, Respondent admits and alleges that on May 5, 2006, it made its Preliminary Submission of its claims to the arbitration Panel.

21. It admits the allegations set forth in paragraph 21 of the Petition.

22. It admits the allegations set forth in paragraph 22 of the Petition.

23. It admits the allegations set forth in paragraph 23 of the Petition.

24. It admits that the Award was "unanimous in part and divided in part" and that the net result of the Award was a total due to Dicalite in the amount of $598,931.12 but, except as so specifically admitted, it denies the remainder of the allegations set forth in paragraph 24 of the Petition.

25. It admits that the Award provided that the Panel's fees and expenses of $39,350 were to be paid 75% by Progress Bulk and 25% by Dicalite, that the 75% due by Progress Bulk is $29,512.50, that Progress Bulk posted $10,000 with the Society of

Maritime Arbitrators toward the panel's fees and expenses and that the Award provides that the panel's fee is a joint and several obligation of the parties but, except as so specifically admitted, it denies the remainder of the allegations set forth in paragraph 25 of the Petition.

26.  It admits the allegations set forth in paragraph 26 of the Petition.

27.  It admits the allegations set forth in paragraph 27 of the Petition.

28.  It denies the allegations set forth in paragraph 28 of the Petition.

29.  It admits the allegations set forth in paragraph 29 of the Petition.

### FIRST AFFIRMATIVE DEFENSE

30.  The 2-to-1 arbitration award in favor of Petitioner and against Respondent dated August 31, 2007 should not be confirmed but should instead be vacated because the arbitrators, or a majority of them, exceeded their powers under 9 U.S.C. § 10.

### SECOND AFFIRMATIVE DEFENSE

31.  The 2-to-1 arbitration award in favor of Petitioner and against Respondent dated August 31, 2007 should not be confirmed but should instead be vacated because the arbitrators, or a majority of them, imperfectly executed their powers under 9 U.S.C. § 10.

### THIRD AFFIRMATIVE DEFENSE

32.  The 2-to-1 arbitration award in favor of Petitioner and against Respondent dated August 31, 2007 should not be confirmed but should instead be vacated because the arbitrators, or a majority of them, rendered a faulty and erroneous award that is in manifest disregard of the evidence.

**FOURTH AFFIRMATIVE DEFENSE**

33. The 2-to-1 arbitration award in favor of Petitioner and against Respondent dated August 31, 2007 should not be confirmed but should instead be vacated because the arbitrators, or a majority of them, issued an award that was and is in manifest disregard of federal maritime law.

**FIFTH AFFIRMATIVE DEFENSE**

34. The 2-to-1 arbitration award in favor of Petitioner and against Respondent dated August 31, 2007 should not be confirmed but should instead be vacated because the arbitrators, or a majority of them, issued an award that was and is arbitrary and capricious.

**SIXTH AFFIRMATIVE DEFENSE**

35. The 2-to-1 arbitration award in favor of Petitioner and against Respondent dated August 31, 2007 should not be confirmed but should instead be vacated because the arbitrators, or a majority of them, issued an award that was and is completely irrational.

**SEVENTH AFFIRMATIVE DEFENSE**

36. The 2-to-1 arbitration award in favor of Petitioner and against Respondent dated August 31, 2007 should not be confirmed but should instead be vacated, either in whole or in part, because the arbitrators, or a majority of them, issued an award that grants excessive interest to a Petitioner who was unreasonably and excessively dilatory in pursuing its alleged claim for cargo damage or loss.

**EIGHTH AFFIRMATIVE DEFENSE**

37. The 2-to-1 arbitration award in favor of Petitioner and against Respondent dated August 31, 2007 should not be confirmed but should instead be vacated, either in

whole or in part, because the arbitrators, or a majority of them, issued an award that grants attorneys' fees in favor of the Petitioner that are excessive, unreasonable and unsupportable on the record that was presented to the arbitrators, which was devoid of any proof of such fees.

### NINTH AFFIRMATIVE DEFENSE

38.  The 2-to-1 arbitration award in favor of Petitioner and against Respondent dated August 31, 2007 should not be confirmed but should instead be vacated, either in whole or in part, because the fees the arbitrators awarded to themselves are unreasonable and are completely disproportionate to the time spent and work done in connection with the arbitration, in which only one hearing was held, as alleged in ¶ 21 of the Petition.

WHEREFORE, Respondent Progress Bulk Carriers, Ltd. prays that a judgment be entered herein dismissing the Petition with the costs and disbursements of this action to be recovered by said Respondent or, in the alternative, that a judgment be entered herein vacating the arbitration award either in whole or in part, and for such other and further or different relief as this Honorable Court may deem just and proper.

Dated:   New York, NY
         November 9, 2007

                                        BURKE & PARSONS
                                        Attorneys for Respondent
                                        Progress Bulk Carriers, Ltd.

                                        By  s/ Keith W. Heard
                                            Keith W. Heard (KH-8578)
                                            100 Park Avenue
                                            New York NY  10017-5533
                                            (212) 354-3800